UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
LIJUN MENG,

                                **MEMORANDUM OF**
                                **DECISION AND ORDER**

               Plaintiff,

                                16-cv-1703 (LDH) (JO)

      -against-

SERGEANT ALEXANDER MONTERO,
OFFICER ELIAS KHAN, OFFICER FLORIN
COSTE, OFFICER LINDA BUCHELLI,

              Defendants.
-------------------------------------------------------------x
LaSHANN DeARCY HALL, United States District Judge:

       Plaintiff Linjun Meng brings this action against Defendants Sergeant Alexander Montero, Officer Elias Khan, Officer Florin Coste, and Officer Linda Buchelli (collectively "Defendants") for a false arrest in violation of 42 U.S.C. § 1983. (Compl., ECF No. 1-1.) Defendants move pursuant to Federal Rule of Civil Procedure 56 for summary judgment.[1]

## UNDISPUTED FACTS[2]

       Plaintiff began renting a room on the second floor of 240 Avenue P, Brooklyn, NY 11204, in April 2015. (Defs.' 56.1 Statement ¶¶ 2, 7, 8; Pl.'s 56.1 Statement re ¶¶ 2-8.) Although Plaintiff had moved her belongings into the room, she did not reside in the room until

---

[1] During a pre-motion conference held on September 27, 2017, the parties agreed to rest on their pre-motion submissions, including their pre-motion conferences letters, their respective Rule 56.1 Statements, and the exhibits annexed thereto. (Sept. 27, 2017 Min. Entry.) The Court afforded Plaintiff an opportunity to supplement any arguments raised in her pre-motion submission by October 25, 2017, which Plaintiff did. (*Id.*; *see also* Pl.'s Resp. in Opp., ECF No. 60). On November 1, 2017, Defendants filed a notice of motion for summary judgment. (Not. Mot. Summary J., ECF No. 61.)

[2] The foregoing facts are undisputed unless otherwise noted.

1

June 2015. (Defs.' 56.1 Statement ¶¶ 2, 7, 8; Pl.'s 56.1 Statement re ¶¶ 2-8.) Xue Zheng also rented a room at 240 Avenue P. (Defs.' 56.1 Statement ¶¶ 3, 5-6; Pl.'s 56.1 Statement re ¶¶ 2-8.)

On May 10, 2015, Plaintiff went to 240 Avenue P to pick up clothing, and intended to stay for only an hour or two. (Defs.' 56.1 Statement ¶ 9; Pl.'s 56.1 Statement re ¶ 9.) While there, Plaintiff attempted to connect to the Wi-Fi, but was unsuccessful because Ms. Zheng had changed the Wi-Fi password. (Defs.' Reply 56.1 ¶¶ 10-12.) Plaintiff and Ms. Zheng began to argue and entered into a physical altercation. (Defs.' 56.1 Statement ¶¶ 10, 13-16; Pl.'s 56.1 Statement re ¶¶ 14-16.) During the altercation, Ms. Zheng grabbed Plaintiff's hair and scratched her, while Plaintiff used her right hand to push Ms. Zheng's left shoulder. (Defs.' 56.1 Statement ¶ 15, 16; Pl.'s 56.1 Statement re ¶ 15, 16.)

At some point, Plaintiff called 911 and four police officers, the Defendants, responded to the call. (Defs.' 56.1 Statement ¶ 18; Pl.'s 56.1 Statement re ¶ 18.) The officers separated Plaintiff and Ms. Zheng from one another and conducted an investigation, which revealed that both parties sustained physical injuries from the altercation. (Defs.' 56.1 Statement ¶¶ 19-21; Pl.'s 56.1 Statement re ¶¶ 19-21.) Upon investigating, Defendant Sergeant Montero determined that Plaintiff and Ms. Zheng assaulted each other, and Defendant Sergeant Montero made the decision to arrest both parties. (Defs.' 56.1 Statement ¶ 22.) Plaintiff was charged by the King's County District Attorney's Office with assault in the third degree, attempted assault in the third degree, menacing in the third degree, and harassment in the second degree.[3] (Defs.' 56.1 Statement ¶ 24.)

## STANDARD OF REVIEW

Summary judgment must be granted when there is "no genuine dispute as to any material

---

[3] In her opposition, Plaintiff argues that her deposition transcript, on which Defendants rely, "mistake[s] simple words and tamper[s] with made up sentence question and answers." (Pl.'s Resp. in Opp., at 1.) However, a review

2

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. At summary judgment, the movants bear the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004). Where the non-movant bears the burden of proof at trial, the movants' initial burden at summary judgment can be met by pointing to a lack of evidence supporting the non-movants' claim. *Celotex Corp.*, 477 U.S. at 325.

Once the movants meet that burden, the non-movant may defeat summary judgment only by producing evidence of specific facts that raise a genuine issue for trial. *See* Fed. R. Civ. P. 56(c); *Anderson*, 477 U.S. at 248; *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002). The court is to view all such facts in the light most favorable to the non-movant, drawing all reasonable inferences in his or her favor. *Anderson*, 477 U.S. at 255. To survive summary judgment, the non-movant must present concrete evidence and rely on more than conclusory or speculative claims. *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980) ("The litigant opposing summary judgment . . . 'may not rest upon mere conclusory allegations or denials' as a vehicle for obtaining a trial.").

---

of Plaintiff's Response to Defendants' Rule 56.1 Statement and the errata sheet provided by Plaintiff indicates that the allegedly incorrect words and answers were minor or immaterial to the issues before the Court on summary judgment. (Pl.'s Ex. C.)

**DISCUSSION**

**I.  False Arrest and Probable Cause**

A plaintiff claiming false arrest under § 1983 must show that:  "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged."  *Hewitt v. City of New York*, No. 09-cv-214, 2012 WL 4503277, at *4 (quoting *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) (citation and quotation marks omitted)).  Defendants argue that summary judgment is warranted as to Plaintiff's false arrest claim because Defendants had probable cause to arrest Plaintiff.  (Defs.' Pre-Mot. Conf. Ltr. at 2-3, ECF No. 51.)  The Court agrees.

It is well settled that probable cause is a complete defense to a claim of false arrest. *Jenkins v. City of New* York, 478 F.3d 76, 84 (2d Cir. 2007).  Probable cause to execute an arrest exists when officers "have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime."  *Id.* (quoting *Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir.1996).  In assessing whether probable cause exists, courts look to the totality of the circumstances and consider the "facts available to the officer at the time of arrest." *Caldarola v. Calabrese*, 298 F.3d 156, 162 (2d Cir. 2002).  Of particular significance here, complaints concerning alleged criminal conduct from victims may provide probable cause for an arrest.  *See Koester v. Lanfanchi*, 288 F. App'x 764, 766 (2d Cir. 2008) ("'[A]bsent circumstances that raise doubt as to the victim's veracity,' a victim's report of a crime is generally enough, by itself, to establish probable cause.") (quoting *Singer*, 63 F.3d at 110; *Caporicci v. Nassau Cnty. Police Dep't*, 2007 WL 764535, at *6 (E.D.N.Y. Mar. 6, 2007) ("In

4

the absence of circumstances raising questions regarding witness veracity, the receipt of a sworn complaint from a victim of a crime will establish probable cause."); *see also Wieder v. City of New York*, 569 F. App'x 28, 29 (2d Cir. 2014) (probable cause exists if a police officer "received his information from some person, normally the putative victim or eyewitness" (quoting *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006))).

Here, the parties do not dispute that when Defendants arrived at 240 Avenue P after receiving Plaintiff's 911 call, Defendants separated Plaintiff and Ms. Zheng from one another. (Defs.' 56.1 Statement ¶¶ 19-21; Pl.'s 56.1 Statement re ¶¶ 19-21.) Both Plaintiff and Ms. Zheng sustained physical injuries from their altercation. (*Id.*) As set forth in the criminal complaint signed by Defendant Coste on the night of the incident, Ms. Zheng reported that Plaintiff "grabbed [Ms. Zheng] by [her] shoulders, and pushed [Ms. Zheng], causing [her] to sustain bruises and lacerations to [Ms. Zheng's] chest and shoulder, to suffer substantial pain, to fear further physical injury and to become alarmed and annoyed." (Fitzgibbon Decl., Ex. F, ECF No. 51-2.) Indeed, Plaintiff admits that she pushed Ms. Zheng. (Defs.' 56.1 Statement ¶ 16; Pl.'s 56.1 Statement re ¶ 16.) The statement provided by Ms. Zheng, Defendants' observations, and Plaintiff's admission that she pushed Ms. Zheng were sufficient to establish probable cause to arrest Plaintiff. *See, e.g. Jean v. Montina*, 412 F. App'x 352, 353 (2d Cir. 2011) (summary opinion) (finding officer had probable cause to arrest where "[a]t the time of [plaintiff's] arrest, [the officer] had before him evidence of an assault, including his observations of [the assault victim's] injury and [another individual's] statement that an altercation had taken place.").

Plaintiff argues in opposition that probable cause cannot be established because it was Plaintiff who called 911 to request help against Ms. Zheng. (Pl.'s Resp. in Opp., at 2-3.) In other words, by Plaintiff's account, she was the victim, not Ms. Zheng. But an alternative

5

account, even an exculpatory one, does not negate probable cause where it already exists. This is so even if further investigation might suggest that Plaintiff's version of events was true. *See Panetta*, 460 F.3d at 395-96 ("'The fact that an innocent explanation may be consistent with the facts alleged . . . does not negate probable cause,' and an officer's failure to investigate an arrestee's protestations of innocence generally does not vitiate probable cause.") (quoting *Fama*, 758 F.2d at 838.)

For example, in *Curley v. Village of Suffern*, the Second Circuit found the defendant police officers had probable cause to arrest the plaintiff where the alleged victim of the assault informed police that the plaintiff was the perpetrator, even though the plaintiff presented a conflicting account. 268 F.3d 65, 70 (2d Cir. 2001). The Second Circuit found that "[o]nce a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Id*. (quoting *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997). The Court continued:

> Although a better procedure may have been for the officers to investigate plaintiff's version of events more completely, the arresting officer does not have to prove plaintiff's version wrong before arresting [her]. Nor does it matter that an investigation might have cast doubt upon the basis for the arrest. Before making an arrest, if the arresting officer has probable cause, he need not also believe with certainty that the arrestee will be successfully prosecuted.

*Id*. The same holds true here.

### II. Qualified Immunity

Defendants argue further that even if they lacked probable cause to arrest Plaintiff, they are nonetheless entitled to qualified immunity. Here again, the Court agrees.

Qualified immunity protects officials from liability for civil damages where "(1) their conduct does not violate clearly established constitutional rights, or (2) it was objectively

6

reasonable for them to believe their acts did not violate those rights." *Martinez v. Simonetti*, 202 F.3d 625, 633–34 (2d Cir. 2000) (quoting *Weyant*, 101 F.3d at 857). Notably, "[t]he right to be free from arrest or prosecution in the absence of probable cause is a long established constitutional right." *Ricciuti*, 124 F.3d at 128. As for the second prong of qualified immunity, an officer is immune from a false arrest claim where he has arguable probable cause to arrest. *Zalaski v. City of Hartford*, 723 F.3d 382, 390 (2d Cir. 2013). That is, an officer is immune from liability where "(a) it was objectively reasonable for the officer to believe there was probable cause to make the arrest, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Id*. (quoting *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004)). Courts "look to the information possessed by the officer at the time of arrest" when determining whether an officer's conduct was objectively reasonable. *Garcia v. Does*, 779 F.3d 84, 92 (2d Cir. 2015) (quoting *Amore v. Novarro*, 624 F.3d 522, 536 (2d Cir. 2010). Where there is no dispute as to the pertinent events and the knowledge of the officers, the existence of probable cause or arguable probable cause may be determined on summary judgment. *Weyant*, 101 F.3d at 852.

  Defendants' conduct was objectively reasonable and no reasonably competent officer could disagree about the existence of probable cause. Again, there is no dispute that Plaintiff placed a call to 911 regarding a physical altercation between her and Ms. Zheng. (Defs.' 56.1 Statement ¶¶ 17-18.) There is also no dispute that Defendants' investigation revealed that Plaintiff and Ms. Zheng had engaged in a fight. (Defs.' Reply 56.1 ¶¶ 18-22.) And, there is no dispute that Defendants observed both women with physical injuries resulting from the altercation. (Defs.' 56.1 Statement ¶¶ 21-22.) These facts, known to Defendants at the time of the arrest, are sufficient to establish that Defendants had arguable probable cause to arrest

Plaintiff. *Iocovello v. City of New York*, 2016 WL 7223413, at *7 (S.D.N.Y. Dec. 13, 2016) (finding officer immune from where arguable probable cause existed for an arrest for third-degree assault or third-degree menacing because the undisputed facts established that "two men had gotten into a fight," and the "two men displayed physical injuries as a result of that altercation") *aff'd*, 701 F. App'x 71 (2d Cir. 2017). Accordingly, Defendants are entitled to qualified immunity.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted. The Clerk of Court is respectfully requested to enter judgment and close this case.

SO ORDERED:

　　　／s/ LDH　　　
LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
　　　　May 8, 2018